IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICKY DALE SANDERS,**

    **Petitioner,**

    v.                                  CASE NO. 21-3074-JWL

**DONALD HUDSON, Warden,**
**USP-Leavenworth,**

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner alleges that the Bureau of Prisons ("BOP") has failed to award him earned time credits ("ETCs") he is entitled to under the First Step Act ("FSA") due to his completion of various programs. The Court finds that the Petition should be dismissed without prejudice for failure to exhaust administrative remedies.

**I. Background**

Petitioner, a federal prisoner serving his sentence at USP-Leavenworth, entered into federal custody on October 30, 2019, to serve his 36-month sentence. Petitioner received 115 days of jail credit. (Doc. 1–1, at 3.) Petitioner has a projected release date of December 21, 2021, via good conduct time release. (Doc. 1–2, at 10.)

Petitioner's Case Manager conducted the initial Risk and Needs Assessment via the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") and determined Petitioner to have a minimum risk of recidivism. (Doc. 1–1, at 4.) During Petitioner's Unit Team Meeting, his Case Manager determined and assigned Evidence Based Recidivism Reduction Programs ("EBRR") and productive activities to participate in including: Unicor

Prison Industries; religious classes and services; parenting classes; Transition of Prisoner to Community (TPC) courses; Adults Continuing Education (ACE) classes; Residential Drug Addiction Program (RDAP); and the Non-Residential Drug Addiction Program (NRDAP). *Id*. Petitioner was assessed a second time and again determined to be at a minimum risk of recidivism. *Id*.

Petitioner alleges that his Case Manager assigned Petitioner's programming and explicitly confirmed to Petitioner that the programming qualified under the FSA. *Id*. Petitioner alleges that he has accumulated 472 days of credit, reducing his sentence by 240 days and entitling him to release on April 25, 2021. *Id*. at 5; Doc. 1–2, at 14.

Respondent alleges that Petitioner is only entitled to ETCs for programs within the areas of his assessed needs—Financial/Poverty and Substance Abuse. Thus, Respondent argues that Petitioner is only entitled to credit for the 515 hours he has completed in Drug Education and the Residential Drug Abuse Treatment Program, which converts to 30 days of ETCs. Respondent acknowledges that Petitioner is currently participating in Alcoholics Anonymous and Narcotics Anonymous, and states that Petitioner will continue to bank hours that will be converted to ETCs. Respondent then argues that Petitioner's request for credit is premature because: 1) ETCs can only be applied toward prerelease custody or supervised release when the accumulated credits are equal to the remainder of the prison term; and 2) the BOP is not required to apply ETCs until the end of the FSA's designated phase-in period on January 15, 2022. *See* 18 U.S.C. § 3624(g)(1)(A) and § 3621(h)(2).

**II. Discussion**

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3). A

§ 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

Respondent seeks the dismissal of the Petition on two grounds, namely, that Petitioner failed to fully exhaust administrative remedies before filing this action and that Petitioner's request for credits under the FSA is premature.

Federal prisoners proceeding under § 2241 must exhaust their available administrative remedies. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement.") (citation omitted)). The exhaustion requirement allows the BOP "an opportunity to correct its own mistakes . . . before it is hauled into federal court" and it discourages "disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Id.* at 90.

The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542. *See also* Program Statement 1330.18, *Administrative Remedy Program*. The program is designed to address a federal inmate's concerns regarding any aspect of his or her confinement. The policy affords federal inmates the opportunity to voice their grievances and provides staff an opportunity to resolve issues in-house prior to an inmate seeking relief through the judicial system.

The administrative remedy program requires an attempt at the informal resolution of a grievance followed by formal grievances addressed at the institutional, regional, and national levels. Generally, an inmate has not exhausted his remedies until he has sought review and

received a substantive response at all three levels.

Respondent alleges that Petitioner has not exhausted his administrative remedies regarding the claims in his Petition. A review of Petitioner's administrative remedy submission history shows that he has not filed any administrative remedy requests. (Doc. 3, at 4; Brantley decl. ¶ 10, Exhibit B, Petitioner's Administrative Remedy Data). Petitioner does not dispute his failure to exhaust in his Traverse. There is no basis upon which the Court can conclude that Petitioner properly completed the grievance procedure.

The BOP is currently working to "phase in" EBRR programming and further develop and validate the PATTERN tool so that "every prisoner has the opportunity to participate in and complete the type and amount of [EBRR] programs or productive activities they need, and be reassessed for recidivism risk as necessary." (Doc. 3, at 10, citing 18 U.S.C. § 3621(h)(2)). The BOP should be given an opportunity to address the parties' disagreement regarding which of Petitioner's programs properly count as EBRR programs entitling Petitioner to time credits under the FSA, before the matter is brought before the Court. This matter must be dismissed for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition for habeas corpus is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

Dated April 28, 2021, in Kansas City, Kansas.

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE